him him him from low caste un callers international versus united states two thousand twelve and 54 took him around when you're ready uh... with your honors programatory for care international training themselves anti-gressivity ordinary uh... flooring panels if i may approach the uh... the bench i would like to handy so you could see the product actually is we've seen them there are three crucial points that i would like to make or or i would like to reserve five minutes we we have a thank you there are three crucial points that i would like to make the first point is that the files case controls the classification of this cares flooring as builders joinery under heading forty four eighteen uh... the second uh... crucial point is that we believe the camelback uh... case precludes this flooring from being classified as plywood under heading forty four twelve and then the third point is that neither the bowen case nor the explanatory notes are applicable to the classification of these products uh... with respect to the the why wouldn't the bowen case be the applicable precedent given that it it deals with almost identical type product well your honor there are four specific reasons that we believe bowen is inapplicable uh... the first reason is that uh... the bowen case dealt with heading forty four twelve as uh... either uh... plywood under forty four twelve or veneered panels under forty four twelve our case is totally different we believe that at the uh... four digit heading level under g r i one the responsibility of the court is to look to all of the four digit headings that would apply and in this case heading forty four eighteen is exactly applicable to our product but isn't there an explanatory note with respect to forty four eighteen that rules out plywood uh... your honor i'm glad you brought that up there are actually four explanatory notes that deal with this the first explanatory note is in forty four twelve which the government has has cited immediately underneath that explanatory note is the second explanatory note that specifically provides for this product to be classified under forty four eighteen so there's a direct conflict of uh... positions in the explanatory notes within one paragraph of each other similarly under forty four eighteen there's an explanatory note that puts our product specifically under forty four eighteen and then immediately underneath that is uh... an explanatory note that seems to put it back into forty four twelve was this explanatory note in the joint appendix uh... yes it was it's actually in our brief in the reply brief i cite both of the explanatory notes in both of the headings also under the foust case this court has defined no under forty four eighteen i don't see the reference you're speaking about i'm sorry i couldn't hear you your honor i don't see the explanatory that you're explanatory note that you're addressing okay if you look at uh... under forty four twelve at page eight fifteen of the explanatory notes it reads heading forty four twelve excludes parquet strips assembled on the support of one or more layers of wood known as multi-layer parquet parquet that's assuming that these are parquet strips i mean you're asking us to make a another type of decision before we even address whether bowen is applicable or not this this doesn't answer the question as to why bowen is not applicable well okay the question i'll pose to you is that bowen deals with essentially the same product well the bowen products uh... we understand was uh... eight inches wide ours is nine inches and that makes a significant difference the court in bowen had indicated that uh... well gaps in plywood are defects they're faults and to be avoided and their faults went eight inches for purpose of the hds i mean the first thing we look at is to well other than the chapter then we could get down to a a four digit and we're looking at the at the essence of the product that we're talking about and here this is a plywood product that you have well it's not a fiberboard we respectfully disagree that it's a plywood product the expert witnesses in our case have all testified one hundred percent this is not plywood uh... and if you apply the camelback factors to to our product you'll find that it can't be plywood but even if it was plywood assuming for the moment that it's plywood under forty four twelve under the faust case we meet the specific definitions builders joinery under the faust case the faust case defined builders joinery and it has has the four uh... requirements we meet all four of those requirements as builders joinery so it's equally classifiable at the four digit level as forty four eighteen and forty four twelve and then the faust case also specified that forty four eighteen is more specific when you have two or more headings that apply uh... g r i three a requires you to look at the classification that is the most specific and the court in faust found that the product that they imported similar flooring to ours much more specific than plywood plywood is a general product that's used it's multipurpose multi-use whereas the product in faust was that a fiberboard that was fiberboard multi-layer and the surface of theirs was a photograph that simulated wood flooring we actually our case is stronger we have actual wood rather than a simulation but let's go back faust is a fiberboard bowing is a plywood a veneered plywood right and for for classification purposes they're both very similar fiberboard is a general product used to make other products and has multi-uses multi-purposes plywood similarly has multi-uses multi-purposes whereas under forty four eighteen builder's joinery is very specific and the court found that in faust that it is much more specific but isn't the problem with forty four eighteen is that the explanatory note specifically excludes plywood panels or veneered panels it says plywood panels, veneered panels, used as flooring panels which have a thin veneer of wood affixed to the surface so as to simulate a flooring panel made up of parquet strips it's that's not your problem that sent it to forty four eighteen they're both very similar criss-cross one forty four twelve is directing it to forty four eighteen forty four eighteen is directing it to forty four twelve but in any event the explanatory notes in forty four eighteen also specified that for purposes of classification in the subheading the term parquet panels includes pre-assembled flooring panels made from two or more rows of narrow and generally short pieces of wooden boards or strips that have been joined edge to edge that's exactly our product that's exactly our product, the three panels joined edge to edge on the surface of, but your product is it not several strips that are glued together, strips of wood that are glued together exactly on top of, look at the cross section yes, there you go, you can see the different pieces of wood that have been glued or bonded together that's correct that's not a wood block is it I mean that's different from a parquet block which is total wood no, a parquet has been defined in the dictionary as having a pattern and this is a pattern called a strip pattern and that's what the explanatory notes also define the parquet blocks are  to create different types of patterns we understand that but we're looking at first at the very essence of the product and what you're holding in your hand is not a wood strip it's pieces of wood that are bonded together just as in Faust Faust was the same thing by definition standard, looking at Bowen that's a plywood this is why I'm asking you because here's where your problem is in my book is that, and you haven't succeeded in explaining why Bowen doesn't apply well there's the Bowen case dealt with they looked at the standards in Bowen as for plywood and the court there specifically without any guidance from expert witnesses had read BPS 1-95 which stated that in plywood you can have gaps up to eight inches gaps in plywood are to be avoided, they're false, they're defects in flooring they're specifically engineered into the flooring panels so these gaps that you can see here every inch there's an actual gap that runs the entire length nine inches which precludes it from being plywood, you can't have gaps like this and have it be plywood if it defeats the purpose this is, oh I see my time is well you're into your rebuttal time if you're through answering Judge Rainer's question you can either continue or save it as you wish okay I'd rather reserve it, thank you Is it Cote or is it Cote? It's Cote your honor, thank you, Mickey Cote for the United States uh... I think Judge Rainer correctly assessed the situation uh... with a very basic concept and that is for classification purposes we are looking at the essence of the good and we are also trying and I'm adding this to Judge Rainer's statement to classify the goods in the provision that most accurately describes them as the court is aware this court decided the common meaning, the plain meaning of the tariff term plywood it determined that meaning based upon dictionary definitions of the term as well as looking to the standards that are published by the plywood trade what it concluded was that the dictionary definition and the plywood trade were largely in sync that there are several aspects of plywood one, it consists of three or more layers of wood only wood two, those layers are laid at right angles to each contiguous layer three, all of the layers are bonded together to make one product plywood the merchandise at issue in Bowen was virtually identical to the merchandise at issue here and the trial court took painstaking detail to point out all of the similarities of the merchandise there are no material differences between the merchandise in Bowen and the merchandise at issue here but wasn't the issue before Bowen different than the issue that was presented here indeed in Bowen the question was whether the panel should be classified under 44-12-29-50 or 44-12-29-10 or 44-12-29-30 and that is not the issue that is presented here so the narrow holding of Bowen is narrower than the issue that is presented to us with all due respect I agree in part your honor and disagree in part you are one hundred percent correct that the issue regarding the meaning and scope of the tariff provision 44-18 which includes builder's joinery and assembled parquet panels was not before this court in Bowen indeed that was the original classification provision for the Bowen merchandise that the United States Customs Service U.S. Customs and Border Protection applied to those imported goods the United States abandoned that provision and replaced it with the provision that it believed was the correct provision for the classification of the merchandise and that was as plywood the court this court did not have reason at the time to consider the meaning and scope of heading 44-18 under the circumstances it did however consider the meaning and scope of the tariff term plywood so if we set that aside for a moment and discuss 44-18 as I stated 44-18 deals with builder's joinery which includes among other things assembled parquet panels the court of international trade held that the term assembled parquet panels means real parquet the actual solid wood pieces presented in an assembly in which case it could then be placed on the floor and made into flooring it did not include simulations of parquet so even if one were to assume that the merchandise that was imported by CARES was a simulation of parquet which it is not it would still be excluded from heading 44-18 as assembled parquet panels the court also looked at the provision for other builder's joinery and concluded that this merchandise is not classifiable in heading 44-18 anyway because the explanatory notes for 44-12 expressly include this merchandise and the explanatory notes for 44-18 expressly excluded and direct classification to heading 44-12 as plywood now I'd like to address a question that was raised by the lead judge Lori as to whether or not the explanatory notes are in the joint appendix they are not I'd also like to point the court's attention to the fact that the explanatory notes that are cited in CARES' reply brief are not the explanatory notes that were in existence at the time the imported merchandise their merchandise was entered into this country the applicable statute was 2006 and the explanatory notes corresponding to it were from 2003 the statements contained in their brief are not in the explanatory notes that applied to this merchandise ultimately the issue here is an eight percent tariff versus tariff-free there are many issues in this case but that is certainly the bottom line here the merchandise is dutiable under heading 44-12 as plywood and unless there are any additional questions from the court no, thank you very much and for all of these reasons we request that the court affirm the trial court's judgment thank you we thought so Mr. Camarata you have some under four minutes of rebuttal yes thank you your honor first I would like to indicate that the trial court the lower court in our case relied on the trial court in Faust in making its determination it issued in Judge Carmen's defense he issued the decision one week before this court reversed the Faust trial court and applied 44-18 to Faust's product as being builder's joinery our case our product is squarely defined in the Faust case the four factors that are listed in Faust we meet each of them so it is specifically under 44-18 uh... you mentioned the duty rates uh... the court in our case changed its position from 44-18 the specific provision that we're asserting at exactly the same time as it became duty free they uh... changed their position to the plywood provision I know that we weren't arguing those but we have a lot of students here and for educational purposes I wanted to point out just what this case is about it's a differential tariff correct yes the uh... the duty rates are based on the classification and uh... changing classification can change the duty rates uh... but getting back to uh... why our case is different than Bowen uh... there were also a whole panoply of of issues that we have raised in our case uh... that were not raised in Bowen that have not been addressed we have issues such as substantial transformation issues of commercial designation uh... the Faust case the Camelback case applying the factors of Camelback uh... to uh... our product and to plywood and the Camelback factors when you apply those factors it specifically precludes our product from being considered plywood uh... so those are just a few and with respect to uh... the explanatory notes uh... I can actually refer you we uh... took those explanatory notes from the 2006 edition and I have the uh... the page numbers it's page uh... 815 and page 821 uh... that uh... the conflicting provisions are included in the explanatory notes uh... and they include that yes the 2003 edition and the 2006 edition but they're both still in there and they're both still conflicting uh... were there any other uh... questions no I think we have your case Mr. Camerata thank you we'll take the case under advisement thank you very much your honor